UNITED STATES DISTRICR COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARC P. | : |
| | : |
| v. | :    C.A. No. 21-00112-MSM |
| | : |
| KILOLO KIJAKAZI, Acting Commissioner | : |
| of the Social Security Administration | : |

**MEMORANDUM AND ORDER**

Before this Court is Plaintiff's Motion for Costs and Attorney Fees (ECF No. 19), Defendant's Response (ECF No. 20) and Plaintiff's Reply (ECF No. 22). The Motion (ECF 19) has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, Plaintiff's Motion is GRANTED in part.

This is a fee petition brought under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). The only issue in dispute is the reasonableness of the time spent by Plaintiff's counsel litigating this case. It is also undisputed that Plaintiff's counsel bears the burden of demonstrating reasonableness. "Reasonableness in this context is largely a matter of informed judgment." Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008). "[A] district court may deem an expenditure of time unreasonable if the reported hours are 'excessive, redundant, or otherwise unnecessary.'" Id. Here, Plaintiff's counsel seeks an award of $13,701.13 for 63.2 hours of work on the merits of this case and an additional award of $3,490.32 for 16.1 hours of work on this fee dispute. (ECF No. 22-5). The Commissioner argues that this requested award is "exorbitant." (ECF No. 20 at p. 1).

Defendant contends that Plaintiff's counsel "routinely charges 2 to 3 times as much as his peers to achieve similar results" and attributes the pattern to over-litigation of his cases. (ECF No.

20 at p. 6). She seeks a substantial reduction in the fee award. Plaintiff's counsel cannot dispute the disparity of his fee requests to those filed by other Social Security practitioners in this District. Rather, he attributes the disparity and his effort to the "awesome responsibility" of representing disabled individuals and the "exhaustive effort" required to overcome the Court's "legal and sometime intrinsic inclination toward affirming ALJ Decisions."[1] (ECF No. 22 at p. 8). He speculates that this dispute is "a clearly inappropriate effort [by the Commissioner] to get [him] to reduce the effort expended on behalf of his clients so they have a reduced chance of winning their appeals." Id. at p. 4.

There is no doubt that Plaintiff's counsel zealously represents his clients, and no doubt that he sincerely believes that thoroughness to the point of leaving no stone unturned or potential argument unpresented is the necessary and most effective manner of litigation in these cases. Other practitioners take a different, more focused approach to briefing which results in the disparity of fee petition requests. While reasonable minds may differ as to the better litigation strategy, it is not the Court's role to dictate or question a party's strategy in an adversarial system. In addition, Plaintiff's counsel ultimately bears the risk of "over-litigation" as he has no recourse for payment if his client does not prevail.

The instant issue is reasonableness, and this Court has never judicially adopted any range of hours as a recognized reasonable norm for typical cases. Derek D. v. Berryhill, 292 F. Supp. 3d 581, 584 (D.R.I. 2017) (declining to adopt a forty-hour cap for garden variety cases); see also Jessica M. v. Berryhill,[2] No. 17-464 JJM, 2019 WL 399153 (D.R.I. Jan. 31, 2019) (identifying

---

[1] This Court applies the applicable and deferential substantial evidence standard of review in good faith to each Social Security case on its merits, and has no inclination, intrinsic or otherwise, toward affirmance or reversal.

[2] Plaintiff's counsel accurately points out that this Court in Jessica M. awarded fees to him for sixty hours of work in line with what he has requested in this case.

twenty to forty hours as the recognized "norm" in the District of Massachusetts); and <u>Katherine L. v. Kijakazi</u>, No. 2:20-cv-00439-JAW, 2022 WL 2115314, * 1 (D.Me. June 13, 2022) (recognizing thirty hours as the "yardstick" for typical cases in the District of Maine).  "The relevant question…is not what is required in <u>most</u> social security cases, but what did <u>this</u> case require." <u>August v. Astrue</u>, No. 10-386-JJM, ECF No. 16 at p. 7 (D.R.I. Mar. 21, 2012).  And the issue of what this case "required" is a factor of both its complexity and the strategic approach to briefing and advocacy taken by counsel.

Plaintiff's counsel invokes the "Eggshell Skull rule" and argues that the Commissioner takes claimant's counsel as she finds him.  (ECF No. 22 at p. 5).  He asserts that he is a "slow reader and, the older he gets, has more trouble recalling which cases and arguments worked and which ones didn't." <u>Id.</u>  This argument is flatly rejected.  While I agree with Plaintiff's counsel that he should have strategic latitude in the effort he chooses to expend and the manner in which he briefs and presents his cases to the Court, he does not have a blank check and is still subject to a reasonableness standard, and the Court of Appeals has held that excessive, redundant, and unnecessary work may be deemed unreasonable.  Putting aside reading speed, Plaintiff's counsel has a duty in this context to develop some efficiencies in his briefing practices and not reinvent the wheel from case to case.

Upon close review, the Court finds two areas of Plaintiff's counsel's fee request to be unreasonable.  First, the Court reduces the award for all time spent between January 4, 2022 and January 19, 2022 (12.5 hours) preparing for and attending the post-briefing hearing as unnecessary time.  The hearing was only scheduled because Plaintiff's counsel improperly presented a new argument in his Reply Brief and failed to cite any supporting authority.  He presented no persuasive authority at the hearing, and the Court rejected his unsupported position as to the relevant period

under consideration.  Second, the Commissioner reasonably takes issue with the 28.3 hours expended by Plaintiff's counsel between November 30, 2021 and January 3, 2022 just in connection with his Reply Brief.  Although Plaintiff's counsel spent significantly more time on the Reply Brief than the primary Brief, he made clear in the Reply Brief that he was relying "primarily" on the previously filed primary Brief.  (ECF No. 15 at p. 2).  The Commissioner also accurately points out that Plaintiff's counsel cut and pasted some text directly from the primary Brief and devoted a substantial portion of his Reply Brief to the Sacilowski decision which he has briefed and argued repeatedly in prior cases, and, thus, should not require significant additional research and drafting time.  The Commissioner reasonably argues that Plaintiff's counsel has not met his burden as to reasonableness under these circumstances for his Reply Brief.  The Court finds it unreasonable on its face that Plaintiff's counsel would spend 18.3 hours reviewing the record and drafting his thirty-nine-page primary Brief and then an additional 28.3 hours in connection with his twenty-eight-page Reply Brief.  Thus, Plaintiff's fee award is reduced by an additional ten hours to account for this unreasonable and unexplained disparity in time and effort for the Reply Brief.

**Conclusion**

For the reasons stated, Plaintiff's Motion for Attorneys' Fees under the EAJA (ECF No. 19) is GRANTED in part in the total amount of $12,313.67.

SO ORDERED


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 24, 2022